UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MARVIN VAIL-JIMENEZ,

Petitioner,

v.

CHRISTOPHER LaROSE; PATRICK DIVVER; DAVID VENTURELLA; MARKWAYNE MULLIN; and TODD BLANCHE,

Respondents.

Case No.: 3:26-cv-5533-JES-BJW

**ORDER GRANTING WRIT FOR PETITION OF HABEAS CORPUS**

**[ECF No. 8]**

Before the Court is Petitioner Marvin Vail-Jimenez's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 8. Pursuant to the Court's OSC order (ECF No. 9), Respondents filed a response. ECF No. 10. After due consideration and for the reasons set forth below, the Court **GRANTS** the petition.

## I. BACKGROUND

Petitioner is a native of Guatemala who came to the United States in 2011 when he was 16 years old. ECF No. 8 at 2. He was classified as an Unaccompanied Alien Child ("UAC") and placed into custody of the Office of Refugee Resettlement ("ORR"). *Id.* After being held in a juvenile detention facility for 2 months, he was subsequently released to his

sister in Maryland. *Id.* He has since continuously resided in the United States, and alleges that he has no criminal history and always paid his taxes. *Id.*

On August 10, 2026, while Petitioner was working a construction job, he was apprehended by immigration agents. *Id.* at 2-3. Petitioner alleges that they were looking for a different person at the time, and he was never shown a warrant or any other paperwork for his arrest. *Id.* at 3. He has since been transferred to Otay Mesa Detention Center, where he is currently being held. *Id.*

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and .).. . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III. DISCUSSION

In their return, Respondents provide an abbreviated response to the petition. ECF No. 10. Respondent acknowledge that Petitioner is held under 8 U.S.C. § 1226(a). They "concede the petition and defer to the Court as to the appropriate relief." *Id.* at 3.

This Court has already held that non-citizens that entered the United States as UACs and were subsequently released to a sponsor by ORR have a protected liberty interest in remaining free from detention, explaining as follows:

> The [Trafficking Victims Protection Reauthorization Act ("TVPRA")] governs the detention of unaccompanied minors who are apprehended at or near the U.S. border, and requires them to be "promptly placed in the least restrictive setting that is in the best interest of the child." 8 U.S.C. § 1232(c)(1). The TVPRA allows minors to be released to the custody of guardians upon determination the child is not a danger to themselves or community and does not present a flight risk. *See id.* at 1232(c)(2)(a). Aliens afforded release under the TVPRA have the same due process protections regarding re-detention as those granted parole or release as adults: at a minimum, they are entitled to notice and opportunity to be heard regarding the individualized changed circumstances justifying revocation in their case. As this Court has previously explained, notice and opportunity to be heard regarding the revocation of a liberty interest like parole or supervised release must be meaningful to be constitutionally sufficient, which requires that the government comport with the requirements of the statutes governing that individual's status.

*Perez v. Casey*, No. 26-CV-0655-JES-BLM, 2026 WL 370397, at *1-2 (S.D. Cal. Feb. 10, 2026) (citations omitted). The Court concluded that "Petitioner was granted release under the TVPRA, creating a liberty interest protected by the Due Process clause" that could not be taken away without notice and opportunity to be heard. *Id.* Other courts have similarly held the same. *See, e.g.*, *Orellana-Batres v. Casey*, No. 3:26-CV-00801-RBM-MSB, 2026 WL 1075655, at *3–4 (S.D. Cal. Apr. 20, 2026); *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *3 (E.D. Cal. Sept. 9, 2025) (finding a due process violation with similar circumstances under *Mathews v. Eldridge* framework); *S.K. v. Hermosillo*, No. 2:26-CV-00789-TLF, 2026 WL 936458, at *3 (W.D. Wash. Apr. 7, 2026) (same); *Aguilar v. Hermosillo*, No. 2:26-CV-00537-BAT, 2026 WL 706658, at *3 (W.D. Wash. Mar. 13, 2026).

The Court adopts the reasoning of these prior courts and finds that Petitioner has a protected liberty interest subject to due process rights given his UAC status and prior release by the ORR. There is no indication that he was granted any due process when he was re-detained in August. The Court further finds, as many other courts have, that release is the appropriate relief for this violation. *See Perez*, 2026 WL 370397, at 2; *R.D.T.M.*, 2025 WL 2617255, at *6; *Orellana-Batres*, 2026 WL 1075655, at *4; *Singh v. Noem*, No.

26-CV-1081-BJC-DDL, 2026 WL 686313, at *2 (S.D. Cal. Mar. 11, 2026); *Aguilar*, 2026 WL 706658, at *3.

## IV. CONCLUSION

Thus, the Court **GRANTS** Petitioner's writ of habeas corpus. Respondents are **ORDERED** to **immediately** release Petitioner from custody, subject to any conditions of his prior release that existed at the time he was re-detained. The Parties are **ORDERED** to file a Joint Status Report by **October 19, 2026**, confirming that Petitioner has been released.

The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: October 14, 2026

Honorable James E. Simmons Jr.
United States District Judge